**Kenneth McGUIRE, on behalf of himself and all other similarly situated, Plaintiff(s),**

v.

**DENDREON CORPORATION, et al., Defendant(s).**

**This document relates to: All Actions.**

**No. C07–800MJP.**

United States District Court, W.D. Washington, at Seattle.

May 21, 2009.

Allison B. Waters, Federman & Sherwood, Oklahoma City, OK, Clifford A. Cantor, William B. Federman, Drew Derrick Hansen, Daniel J. Shih, Susman Godfrey, Karl Phillip Barth, Lovell Mitchell & Barth, Juli E. Farris, Lynn Lincoln Sarko, Keller Rohrback, Seattle, WA, Marc M. Seltzer, Ryan C. Kirkpatrick, Susman Godfrey, Los Angeles, CA, for Plaintiffs.

Barry M. Kaplan, Britton F. Davis, Claire Loebs Davis, Douglas W. Greene, Wilson Sonsini Goodrich & Rosati, Seattle, WA, Daniel W. Turbow, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Defendants.

## ORDER ON MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

MARSHA J. PECHMAN, District Judge.

The above-entitled Court, having received and reviewed

1. Motion to Dismiss the Second Amended Class Action Complaint (Dkt. No. 105)

2. Plaintiffs' Opposition to Defendants' Motion to Dismiss the Second Amended Class Action Complaint (Dkt. No. 107)

3. Defendants' Reply Brief in Support of Their Motion to Dismiss the Second Amended Class Action Complaint (Dkt. No. 111)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is PARTIALLY GRANTED and PARTIALLY DENIED; the 10(b)/10b–5 claims against Defendant Urdal are DISMISSED; the remainder of the motion is DENIED.

IT IS FURTHER ORDERED that Plaintiffs will be granted leave to amend their complaint; the amended complaint must be filed no later than June 8, 2009.

**Background**

On December 5, 2008, 2008 WL 5130042 this Court ruled on Defendants' previous Motion to Dismiss, dismissing the 10(b)/10b–5 claims against Defendant Gold but refusing to dismiss similar claims against Defendant Urdal. Dkt. No. 100. The request to dismiss the claims against Defendant Urdal was denied on the basis of a statement of opinion by Urdal to a group of analysts wherein he represented that

the corporation had "hosted a good inspection" at their manufacturing plant as part of the approval process by the Food and Drug Administration ("FDA") of Dendreon's Biologics License Application ("BLA") for a proposed prostrate cancer treatment drug called Provenge. What Urdal did not reveal to the analysts during that conversation was that, following the inspection, the FDA had issued an "Inspectional Observations Report" known as a Form 483, a document which is not issued unless there are "significant objectionable conditions" at a facility. *Id.*, pp. 2–3.

Additionally, the December 2008 order dismissed an insider trading claim against Defendant Gold because the named plaintiff did not purchase his Dendreon stock sufficiently near in time to Gold's sale of stock to satisfy the elements of the cause of action. Plaintiffs were given permission to amend to name a more suitable purchaser as the plaintiff representative for this claim. *Id.*, pp. 15–16.

Following the issuance of the order, Plaintiffs filed a Second Amended Complaint ("SAC") on January 5, 2009. Dkt. No. 101.

## Discussion

### *Defendant Urdal–10(b)/10b–5 Claims*

■ The Court's ruling in Plaintiffs' favor regarding the adequacy of the 10(b)/10b–5 pleadings against Urdal rested on a Ninth Circuit opinion called *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1113 (9th Cir.1989), which held that "projections and general expressions of optimism may be actionable under the federal securities laws." The Ninth Circuit in *Apple Computer* formulated the following test for determining whether these kinds of statements could form the basis of a securities cause of action:

A projection or statement of belief contains at least three implicit factual assertions: (1) that the statement is genuine-

ly believed, (2) that there is a reasonable basis for that belief, and (3) that the speaker is not aware of any undisclosed facts tending to seriously undermine the accuracy of the statement. A projection or statement of belief may be actionable to the extent that *one* of the implied factual assertions is inaccurate.

*Id.* at 1113 (emphasis supplied; citation omitted).

Defendants in their previous motion to dismiss argued against the application of *Apple Computer*, claiming that its holding was confined to statements regarding future event or projections. They cited *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991) as the "more appropriate" standard and pointed to *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d 1248 (N.D.Cal.2000) as an example of this circuit's application of *Virginia Bankshares*. What Defendants were arguing for was a standard for assessing the actionability of an opinion statement which required that the statement not only be objectively false, but also subjectively false; i.e., that the statement was not true *and* the speaker did not believe it to be true. *McKesson* does in fact say that, but the opinion represents a further extension of the *Virginia Bankshares* holding (the district court said "*Virginia Bankshares* is not squarely on point....;" *Id.* at 1264) and this Court concluded that the opinion could not be read to say that "an opinion statement is *only* actionable if subjectively *and* objectively false." Dkt. No. 100 at p. 8.

Furthermore, Defendants in their prior pleading asserted that "the distinction between the [*Apple* and *Virginia Bankshares/McKesson*] standards is without a difference, and the Court need not decide which applies." Reply on Mtn. to Dismiss FAC, p. 6. The Court did not find that contention persuasive—the standards

are clearly disparate—and ultimately concluded that *Apple Computer* controlled—because (1) it spoke so clearly to "statement[s] of belief," an accurate characterization of Urdal's "good inspection" comment; and (2) there was no indication in the case history that *Apple Computer* had ever been overruled.

The centerpiece of Defendants' latest motion to dismiss is a January 2009 opinion, *Rubke v. Capitol Bancorp*, 551 F.3d 1156 (9th Cir.2009) ("*Rubke*"). The case concerns a share-exchange offering wherein the offering document was accompanied by two "fairness opinions" from financial analyst groups which concluded that the offering was "fair from a financial point of view." *Id.* at 1159. It later turned out that an earlier, virtually identical offering had been transacted under better terms than the *Rubke* plaintiffs were offered. In dismissing the first amended complaint, the Ninth Circuit held that:

> Because these fairness determinations are alleged to be misleading opinions, not statements of fact, they can give rise to a claim ... only if the complaint alleges with particularity that the statements were both objectively and subjectively false or misleading. *See Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1095–96, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d 1248, 1265 (N.D.Cal.2000). Thus, the First Amended Complaint must allege with particularity that Capitol's directors and officers believed that the Exchange Offer was unfair.

551 F.3d at 1162. The court upheld the dismissal of the complaint for failure to allege that defendants believed the offer was unfair.

It appears that the Ninth Circuit has spoken on this issue, and *Rubke* leads inexorably to the the conclusion that *Apple Computer* is no longer the standard regarding statements of opinion in securities litigation. A close reading of *Virginia Bankshares* leads this Court to the conclusion (now apparently shared by the Ninth Circuit) that the standard enunciated in *Apple Computer* cannot coexist with the holding and rationale of this 1991 Supreme Court opinion.

The *Virginia Bankshares* facts involved representations in a proxy solicitation by the directors of a bank that a proposed merger offered "an opportunity for the minority shareholders to achieve a 'high' value, which they elsewhere described as a 'fair' price, for their stock." 501 U.S. at 1088, 111 S.Ct. 2749. Plaintiff in the *Virginia Bankshares* case actually plead (in contrast to the plaintiffs in the instant matter) that the directors "had not believed that the price offered was high or that the terms of the merger were fair ..." *Id.* at 1088–89, 111 S.Ct. 2749.

*Virginia Bankshares* is difficult to interpret, but with *Rubke* the Ninth Circuit has arrived at their interpretation of what the opinion means. It is binding on this Court, and it does not bode well for either the *Apple Computer* standard or portions of Plaintiffs' Second Amended Complaint.

■ The Supreme Court in *Virginia Bankshares* rejected the defense argument that statements of opinion were not "material facts" which could form the basis for a securities violation claim. *Id.* The opinion then goes on to hold that

> ... a plaintiff is permitted to prove a specific statement of reason knowingly false *or misleadingly incomplete,* even when stated in conclusory terms. In reaching this conclusion we have considered statements of reasons of the sort exemplified here, which misstate the speaker's reasons and also mislead about the stated subject matter (*e.g.,* the value of the shares). A statement of belief may be open to objection only in

the former respect, however, solely as a misstatement of the psychological fact of the speaker's belief in what he says. *Id.* at 1095, 111 S.Ct. 2749 (emphasis supplied). The Supreme Court has thus held that a plaintiff cannot plead statements of opinion as actionable without alleging that the speaker did not believe in the opinion he was stating or did not reveal his true reasons for saying what he said. Since the opinion then goes on to state that "mere disbelief or belief undisclosed should not suffice for liability," if a plaintiff has not alleged "that the statement also expressly or impliedly asserted something false or misleading about its subject matter," (*Id.* at 1095–96, 111 S.Ct. 2749), the totality of the ruling points to the requirement that a statement of opinion, in order to be actionable in a securities litigation, must be alleged to be both objectively *and* subjectively false or misleading.[1]

That certainly is how it was interpreted by the Ninth Circuit in *Rubke.* The puzzling thing about the appellate opinion is that it makes no mention of *Apple Computer,* nor does the Ninth Circuit make any acknowledgement that at an earlier time they had enunciated a different, contradictory test by which to analyze statements of opinions in security fraud actions.

To say that Plaintiffs find this oversight significant would be an understatement. They claim that, in addition to the absence of any citation to *Apple Computer* in the opinion, there was no mention of *Apple Computer* in the appellate briefing. Response, p. 12. Plaintiffs argue further that, if *Apple Computer* was being overruled *sub silentio,* the three-judge *Rubke* panel didn't have the authority to reverse

an existing *en banc* opinion. Finally, Plaintiffs provided a string of appellate rulings issued after *Virginia Bankshares* which cite the three-part *Apple* test in reaching their conclusions. *Id.,* pp. 3–5.

This Court is, frankly, at a loss to account for the proliferation of *Apple Computer*-based rulings in the wake of *Virginia Bankshares.* *Apple Computer* itself was a pre-*Virginia Bankshares* case, so it is hardly surprising that the Ninth Circuit forged its own trail prior to 1991. But following *Virginia Bankshares* there is no way to reconcile *Apple Computer*'s disjunctive "any one of these elements will suffice where a statement of opinion is concerned" test with *Virginia Bankshares'* "mere disbelief or belief undisclosed will not suffice" and its conjunctive requirement of an objective and subjective element to test for actionability of opinion statements.

The lack of an explicit overruling of *Apple Computer* is puzzling. Defendants hint at an explanation when they observe that *"Virginia Bankshares* is complex, and following its release there was some question about how it should be interpreted." Reply, p. 3 (the *McKesson* court, for example, could only conclude that *Virginia Bankshares "implicitly* held that a statement of opinion must be *both* objectively and subjectively false;" 126 F.Supp.2d at 1265; emphasis supplied). One only need examine the contrasting list of cases presented by both sides—Plaintiffs with their string citation of post-*Virginia Bankshares* cases which cite *Apple Computer,* Defendants with their Circuit and District Court opinions citing *Virginia Bankshares*—to conclude that observing there

---

**1.** The First, Third and Sixth Circuits have already held that, although *Virginia Bankshares* concerned a claim under § 14(a) of the Securities Act, its reasoning is equally applicable to § 10(b) claims. *See In re Credit Suisse First Boston Corp.,* 431 F.3d 36, 47 (1st Cir.2005); *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.* 399 F.3d 651, 674, n. 20 (6th Cir.2005); *In re Donald J. Trump Casino Sec. Litig.,* 7 F.3d 357, 372, n. 14 (3rd Cir. 1993).

was "some question" about *Virginia Bank-shares'* interpretation is putting it mildly.

■ But it is the role of this District Court to follow the law as enunciated by the Ninth Circuit, not to speculate about the absence of an obituary for the passing of *Apple Computer.* The state of the law is such that there is no requirement of either an explicit overruling of *Apple Computer* or an *en banc* panel to accomplish it. A three-judge Ninth Circuit "can overrule existing precedent without *en banc* proceedings when intervening Supreme Court authority undermines [existing Ninth Circuit] precedent ..." *Gonzales v. Dept. of Homeland Sec.,* 508 F.3d 1227, 1234 (9th Cir.2007).

It is the finding of this Court that the ruling in *Rubke* dictates the lower court response in this matter. *Apple Computer* is inconsistent with *Virginia Bankshares* and *Rubke* and is effectively overruled by the Supreme Court opinion and the subsequent ruling in the Ninth Circuit case. The Court is simply not persuaded by Plaintiffs' two counterarguments that (1) *Apple Computer* and *Rubke* are somehow consistent and (2) the portion of the opinion in *Rubke* stating the "subjective and objective" elements test is somehow dicta.

■ Turning to the merits of the motion to dismiss, Defendants are correct that Plaintiffs' SAC does not allege the subjective element of disbelief concerning Urdal's "good inspection" comment. They argue for dismissal with prejudice on the grounds that amendment would be futile, but this is not supported by a close reading of the cases. Defendants want the Court to read *Virginia Bankshares* and *Rubke* as requiring that Plaintiffs allege, not only that the "good inspection" comment was objectively false or misleading, but that Urdal was lying when he said that was his opinion (i.e., that the test is only satisfied by an allegation that the opinion was subjectively "false"). Even if that

were the case, Defendants do not explain why Plaintiffs could not surmount their objection by simply alleging that Urdal *was* lying when he said that Dendreon had "hosted a good inspection."

But more significantly, in attempting to restrict the scope of the subjectivity test, Defendants misstate the holdings of *Virginia Bankshares* and *Rubke.* Neither of those opinions state that the only type of subjective proof which will suffice is "subjective falsity" (i.e., that the speaker did not believe what he was stating as his opinion). The Supreme Court in *Virginia Bankshares* says that it is concerned with "statements of reasons ... which *misstate the speaker's reasons* " (501 U.S. at 1095, 111 S.Ct. 2749, emphasis supplied); the Ninth Circuit in *Rubke* states that "misleading opinions ... can give rise to a claim ... only if the complaint alleges with particularity that the statements were both objectively and subjectively false *or* misleading." 551 F.3d at 1162 (emphasis supplied).

The holdings of both of these cases allow for allegations that the speaker knew that the opinion would mislead the intended audience, regardless of whether he believed it. In the parlance of *Virginia Bankshares,* the statement of opinion would "misstate the speaker's reasons" where the statement was intended to allay fear, distract attention or cover up an underlying set of facts which (if known) would produce a different response than the speaker desired—in Urdal's case, for example, the existence of the Form 483 might well have led his audience to conclude it was *not* a good inspection. And, in the language of *Rubke,* the statement of opinion could be alleged as "subjectively misleading" in the sense that the speaker (whether or not he personally believed his opinion to be true) would be in possession of facts that he knew or should know

would lead someone else to a different opinion.

The Court is unable to find that further amendment of this complaint would be futile. It would take a very simple amendment for Plaintiffs to allege that Urdal's "good inspection" statement of opinion was subjectively false and/or subjectively misleading, in conformance with the tests enunciated by both the Supreme Court and the Ninth Circuit. Defendants' motion to dismiss the 10(b)/10b–5 claims against Defendant Urdal will be granted, but the dismissal will be without prejudice.

*Defendant Gold—Insider trading claim*

 Defendants contend that Plaintiffs' entire complaint should be dismissed, which includes the amended insider trading claim against Defendant Gold. Defendants argue that the insider trading claim against Gold should be dismissed because Plaintiffs have not adequately plead that Gold acted with the requisite scienter. The fact is (as Defendants recognize in a footnote contained in their reply briefing) that the issue was "implicitly decided" in this Court's previous order. Reply, p. 11, fn. 5.

Defendants' position on scienter—that Plaintiffs must allege that not only did Gold possess material and non-public information at the time he sold his stock, but that Gold *knew* the information was both "material and non-public"—is unsupported by any citation to statutory or case law, and implicit in the previous order is this Court's finding that an insider trading violation need not be dependent on such a stringent standard of proof. The Court's prior ruling that (1) the 483 was both material and non-public information at the time of Gold's sale and (2) Gold knew about the Form 483 at the time he sold his shares is sufficient to adequately establish a violation for insider trading. Plaintiffs' allegations in their SAC are adequate to survive a motion to dismiss.

## Conclusion

Defendants' motion to dismiss Plaintiffs' allegations of 10(b)/10b–5 violations against Defendant Urdal will be GRANTED, but with leave for Plaintiffs to amend to correct the current deficiencies in their pleadings. Plaintiffs' amended complaint must be filed no later than June 8, 2009. The motion to dismiss the entire amended complaint will be DENIED.